UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. NASH,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS *et al.*,<br><br>    Defendants. | Case No. C04-5287RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**MAY 6th, 2005** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgment. (Dkt. # 43). Plaintiff has not responded and instead filed an motion for an extension of time claiming he needed to amend the complaint in this action and needed discovery answers. (Dkt. # 45). Defendants responded noting that all discovery that had been submitted before the discovery cut off has been answered. (Dkt. # 46). As discovery and the time for filing dispositive motions has passed plaintiff's request to amend the complaint was denied by separate order.

<u>FACTS</u>

      Plaintiff is a convicted sex offender. On December 10th, 2002 plaintiff was serving his sentence

REPORT AND RECOMMENDATION  1

at the Washington State Penitentiary.  On that day a list which identified persons with sex offenses was posted on his units bulletin board by someone.   Plaintiff maintains, without proof, that staff posted the list. Plaintiff has no evidence to show the list was prepared or posted by any named defendant or by anyone who worked at the Penitentiary.  Plaintiff never saw the list and it was removed by someone shortly after it was put up.  There is nothing in the record to show who removed the list or what became of it.

Plaintiff alleges that when he returned from dinner he saw inmates gathered around the bulletin board but he returned to his cell.  Plaintiff's cell mates told him about the list and that his name was on the list and he had been identified as a sex offender.  Within two minutes plaintiff was at the bulletin board but the list was gone. (Dkt. # 43, pages 2 and 3).

On December 12th, 2002, two days after the posting and removal of the list, plaintiff was attacked by inmate Marvin Compo.  The attack was witnessed by an officer in a control booth who notified response team officers and at least ten officers plus the normal unit staff responded.  (Dkt. # 7 complaint exhibit B).  The two inmates were ordered to stop fighting and they complied.  (Dkt. # 43, page 3). During the attack plaintiff suffered a cut on his lip and a cut on his head which, while too shallow for stitches, bled profusely.  (Dkt. # 43, page 4).

The inmate who attacked plaintiff, Mr. Compo, had multiple head and face abrasions and because of the amount of swelling on his face he was admitted to the prison hospital. Subsequent investigation by prison staff revealed that Mr. Compo's injuries were the result of his being beaten by a Native American inmate earlier that day and the injuries were not inflicted by the plaintiff.  Mr. Compo is also a convicted sex offender and his name had allegedly been on the same list as plaintiff's. (Dkt. # 43, page 4).

While plaintiff was initially infracted for fighting, the finding of guilt was overturned on appeal where it was determined that plaintiff had only acted defensively.  (Dkt. # 43, page 4).  Prison officials maintain that a "Security Threat Group"which is intolerant of sex offenders and certain other categories of inmates had posted the list and was attempting to remove certain groups of inmates from general population.  Plaintiff was placed in Administrative Segregation for his own protection.  (Dkt. # 43, page

REPORT AND RECOMMENDATION  2

4). He was subsequently transferred to another facility.

Plaintiff names as defendants in this action the Washington State Department of Corrections, the Washington State Penitentiary, Superintendent Richard Morgan, and Correctional Lieutenant Clifford Pease. The complaint alleges slander, negligence, gross negligence, staff misconduct, and bodily injury. (Dkt. # 7). Plaintiff has not filed a tort claim with the State of Washington as required by state law. (Dkt. # 43, page 13). Liberally construing the complaint the court finds it states a claim for failure to protect in violation of the Eighth Amendment.

## DISCUSSION

A. <u>The Standard</u>.

Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

In order to state a claim under 42 U.S.C. § l983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

REPORT AND RECOMMENDATION 3

1  States. Parratt v. Taylor, 45l U.S. 527, 535 (l98l), overruled on other grounds, Daniels v. Williams,
2  474 U.S. 327 (1986). Section l983 is the appropriate avenue to remedy an alleged wrong only if
3  both of these elements are present. Haygood v. Younger, 769 F.2d l350, l354 (9th Cir. l985), cert.
4  denied, 478 U.S. 1020 (l986).

        B.      The State and the Eleventh Amendment

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Because they are not persons within the meaning of § 1983, plaintiff has not stated a cause of action against the Washington State Department of Corrections or the Washington State Penitentiary.

Plaintiff's claims against these two defendants are also barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 116 S.Ct. 1114, 1131 (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. Pennhurst State Sch. & Hosp. v. Holdeman, 465 U.S. 89, 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979).

To the extent plaintiff seeks "state tort damages" against these two state defendants, the Eleventh Amendment also bars those claims in federal court. Pennhurst, 465 U.S. 89, at 120. These two defendants are entitled to **DISMISSAL** at the summary judgment stage. The 42 § 1983 claim should be **DISMISSED WITH PREJUDICE**. The state claims should by **DISMISSED WITHOUT PREJUDICE** so plaintiff has the option of pursuing whatever state remedies may be available.

REPORT AND RECOMMENDATION  4

1     C.     Personal participation.

2     Defendants argues the remaining two defendants, Mr. Morgan and Lieutenant Pease, are entitled
3 to dismissal for lack of personal participation. (Dkt. # 43). The inquiry into causation must be
4 individualized and focus on the duties and responsibilities of each individual defendant whose acts
5 and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628,
6 633 (9th Cir. 1988). At a minimum, a § 1983 plaintiff must show that a supervisory official at least
7 implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Bellamy
8 v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).

9     Here, plaintiff alleges Lieutenant Pease and Superintendent Morgan were negligent in not having
10 the Bulletin Board covered with glass. But plaintiff has failed to show that either defendant new of or
11 condoned any unauthorized postings on this board. No one contends the posting of a list which identifies
12 sex offenders was an authorized act. Indeed, the attachments to the complaint show Lieutenant Pease
13 trying to establish who posted the list and show him indicating that general population housing is no
14 longer appropriate for the plaintiff because plaintiff had been identified as a sex offender. (Dkt. # 7,
15 Exhibit C).

16     Defendant Pease avers he did not know about the list being posted until after the fight on
17 December 12th, 2002. (Dkt # 43, Exhibit 2). There is nothing to show plaintiff ever asked for protection
18 or informed prison officials of any concern for his safety before the fight on December 12th, 2002.
19 Plaintiff has failed to show personal participation by this defendant in any unconstitutional act.
20 Lieutenant Pease is entitled to **DISMISSAL WITH PREJUDICE** of plaintiff's 42 § 1983 claim.

21     Defendant Morgan is also entitled to **DISMISSAL WITH PREJUDICE** of plaintiff's 42 §
22 1983 claim as plaintiff has plead no fact regarding how this defendant acted. Again, the state tort claims
23 should be **DISMISSED WITHOUT PREJUDICE.**

24     As there are no remaining defendants the court does not consider the other arguments raised.

## CONCLUSION

26     For the reasons outlined above the undersigned recommends the court **GRANT** defendants
27 motion. A proposed order accompanies this Report and Recommendation.

28 REPORT AND RECOMMENDATION  5

1   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
2 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.
3 Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
4 <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is
5 directed to set the matter for consideration on **May 6th, 2005**, as noted in the caption.

DATED this 6th, day of April, 2005.

/S/ *Karen L. Strombom*
Karen L. Strombom
United States Magistrate

REPORT AND RECOMMENDATION  6